UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Liah Modrow, | Case No. 25-cv-0500 (KMM/JFD) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Destination Pet, LLC, d/b/a Hound Dog Hotel, | |
| Defendant. | |

---

This matter is before the Court on Defendant Destination Pet, LLC's Second Amended Notice of Removal (Dkt. No. 13) for consideration of the alleged basis for federal subject-matter jurisdiction. Federal courts have an obligation to inquire into subject-matter jurisdiction, even if no party raises the issue. *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 514 (2006). Defendant Destination Pet, LLC removed this matter to federal court from Hennepin County District Court, alleging federal subject-matter jurisdiction on the basis of diversity of citizenship. (*See* Ntc. Removal, Dkt. No. 1.) Destination Pet has not resolved the Court's doubts about the existence of federal subject-matter jurisdiction, despite being given two opportunities to do so. Therefore, the Court recommends that the case be remanded to Hennepin County District Court.

I.  **Background**

Plaintiff Liah Modrow initiated this case in Hennepin County District Court. Defendant Destination Pet, LLC ("Destination Pet") removed the matter to federal court, alleging federal subject-matter jurisdiction on diversity grounds. (*See* Ntc. Removal at 1, Dkt. No. 1.) Ms. Modrow is a citizen of Minnesota. (*Id.* ¶ 6.) As to the citizenship of Destination Pet, the Notice of Removal alleged that "Defendant Destination Pet, LLC is a Delaware Limited Liability Company, owned by Destination Pet Holdings, LLC, a Delaware Limited Liability Company[,] which is a citizen of Colorado." (*Id.* ¶ 4.) The Notice of Removal further alleged that "Destination Pet Holdings, LLC is a member of Defendant Destination Pet, LLC, and is a citizen of . . . Colorado." (*Id.* ¶ 5.) The problems with these allegations, this Court determined, were that (1) it was not clear whether Destination Pet Holdings, LLC was the sole member/owner of Defendant Destination Pet, LLC; and (2) the Notice of Removal did not identify the members of Destination Pet Holdings, LLC or the citizenship of those members. (Order at 2–3, Dkt. No. 6.) Therefore, the Court *sua sponte* issued an order directing Destination Pet to file an amended notice of removal that cured these deficiencies.[1] (*Id.* at 4–5.)

Destination Pet subsequently filed an Amended Notice of Removal (Dkt. No. 7). In relevant part, Destination Pet alleged that it is a foreign citizen and that its sole member is Destination Pet Holdings, LLC. (Am. Ntc. Removal ¶¶ 4–5, Dkt. No. 7.) Destination Pet

---

[1] The Court also identified a pleading deficiency with Destination Pet's amount-in-controversy allegations (*see* Order at 3, Dkt. No. 6), but the Court is satisfied that Destination Pet cured that defect in its Amended Notice of Removal.

Holdings, LLC's sole member is L1 Pet Holdings (USA), LLC. (*Id.* ¶ 6.) L1 Pet Holdings (USA), LLC's sole member is L1 Pet S.a.r.l. (*Id.* ¶ 7.) L1 Pet S.a.r.l. is a Luxembourg société à responsabilité limitée, which Destination Pet described as a "private limited liability company," with a principal place of business in Luxembourg. (*Id.* ¶ 8.) L1 Pet S.a.r.l.'s sole member is L1 Pet Intermediate Holdings SCSp (société en commandite spéciale), which Destination Pet described as a "special limited partnership," with a principal place of business in Luxembourg. (*Id.* ¶ 9.) Finally, Destination Pet alleged that L1 Pet Intermediate Holdings SCSp is managed by its general partner—L1 Health Portfolio GP Sarl—which Destination Pet described as a "private limited company," with a principal place of business in Luxembourg. (*Id.* ¶ 10.)

The Court considered the jurisdictional allegations made in the Amended Notice of Removal and found them insufficient to establish federal subject-matter jurisdiction. Beginning with the L1 Pet Intermediate Holdings SCSp entity, as a Luxembourgian "special limited partnership," its citizenship is not apparent. One approach would be to treat it like a U.S. limited partnership, which means citizenship would be determined according to each of its partners. *See Carden v. Arkoma Ass'n*, 494 U.S. 185, 195–96 (1990). The Amended Notice of Removal identified one partner—L1 Health Portfolio GP Sarl—but did not allege that entity was the only partner. A second approach would be to treat L1 Pet Intermediate Holdings SCSp like a U.S. corporation, which means its citizenship would be determined by the foreign state of incorporation and the foreign state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). The Amended Notice of Removal did not provide sufficient information, however, to determine that L1

3

Pet Intermediate Holdings SCSp should be treated like a corporation. *See Jet Midwest Int'l Co., Ltd v. Jet Midwest Grp., LLC*, 932 F.3d 1102, 1105 (8th Cir. 2019) (noting that "deciding whether a foreign company should be treated as a corporation under § 1332 is a difficult task" and that a court must "examine[] whether the foreign entity is equivalent in all legally material respects to a corporation under state law") (cleaned up).

The Amended Notice of Removal's allegations concerning the next entity in line—L1 Health Portfolio GP Sarl—suffered from the same deficiencies. If L1 Health Portfolio GP Sarl should be treated like a corporation, Destination Pet did not establish that L1 Health Portfolio GP Sarl is equivalent to a corporation in all material respects under the *Jet Midwest* criteria. Alternatively, if L1 Health Portfolio GP Sarl should be treated like a partnership, L1 Health Portfolio GP Sarl did not establish the citizenship of each and every partner.

Therefore, during the pretrial scheduling conference on March 25, 2025, the Court ordered Destination Pet to file a second amended notice of removal. (*See* Ct. Mins., Mar. 25, 2025, Dkt. No. 11.) Destination Pet timely filed a Second Amended Notice of Removal on April 8, 2025. (Dkt. No. 13.) The jurisdictional allegations are generally the same, with two minor exceptions. In paragraph 9, Destination Pet omitted the comparison of a "société en commandite spéciale" to a "special limited partnership" by removing the term "special limited partnership." (Second Am. Ntc. Removal ¶ 9.) And in paragraph 10, Destination Pet removed the reference to L1 Health Portfolio GP Sarl as a "general partner" of L1 Pet Intermediate Holdings SCSp and omitted the description of L1 Health Portfolio GP Sarl as a "private limited company." (*Id.* ¶ 10.)

Destination Pet acknowledges that federal courts have not adopted a uniform rule for determining the citizenship of a foreign S.a.r.l. but asserts as a general proposition that a S.a.r.l. should be treated like a corporation. (*Id.* ¶¶ 11, 13.) Destination Pet also asks the Court to follow authority from the Third Circuit Court of Appeals instructing that when a plaintiff has made reasonable efforts to disclose the citizenship of a defendant LLC's members, and the information disclosed supports a good faith belief in complete diversity, that is sufficient to withstand a facial challenge to diversity jurisdiction. (*Id.* ¶ 19 (citing *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 107 (3d Cir. 2015).)

## II.     Legal Standards

Title 28 U.S.C. § 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). Diversity jurisdiction demands "complete diversity"; that is, each defendant must be a citizen of a different State from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). The party invoking diversity jurisdiction "must set forth with specificity the citizenship of the parties." *See Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990) (citation omitted). As the party invoking this Court's jurisdiction, Destination Pet bears the burden of showing that subject-matter jurisdiction exists, and "all doubts about federal jurisdiction must be resolved in favor of remand." *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

A corporation "is a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). This rule may not be extended to other entities, such as partnerships. *Carden*, 494 U.S. at 189. Rather, to determine the citizenship of an artificial entity other than a corporation, for diversity purposes, the Court must ascertain the citizenship of all of its members. *Id.* at 195–96. Furthermore, if a member of the entity is itself an entity, the notice of removal must identify each of the members of that entity, "[a]nd so on, down the line." *Cypress Creek Renewables Dev., LLC v. SunShare, LLC*, No. 18-cv-2756 (PJS/DTS), 2018 WL 5294571, at *1 (D. Minn. Oct. 24, 2018).

The existence of a foreign entity as a party may further complicate the question of diversity jurisdiction. In considering the citizenship of a Hong Kong limited company, the Eighth Circuit emphasized,

> To account for linguistic and other differences between domestic and foreign business laws and the fact that other nations do not necessarily call entities that are in effect corporations by that name, a court examines whether the foreign entity is equivalent in all legally material respects to a corporation under state law.

*Jet Midwest Int'l Co., Ltd. v. Jet Midwest Grp., LLC*, 932 F.3d 1102, 1105 (8th Cir. 2019) (quoting *Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003)) (cleaned up). The Court will consider a foreign entity to be a corporation if (1) "it has the standard elements of personhood (perpetual existence, the right to contract and do business in its own name, and the right to sue and be sued)" and (2) "the ability to issue shares to investors who enjoy limited liability and which can be bought and sold, subject to restrictions that the business declares." *Id.* (cleaned up).

6

### III. Discussion

To begin, the Court declines Destination Pet's invitation to treat all S.a.r.l.s as corporations. To do so would be at odds with *Carden*'s admonition that the citizenship rule for corporations must not be extended to other entities and with *Jet Midwest*'s rule that a court must examine the particular characteristics of the foreign-entity party in determining if it is a corporation for purposes of § 1332.

With respect to L1 Pet Intermediate Holdings SCSp, the Court recalls that Destination Pet previously described it as a "special limited partnership" that was managed by a "general partner." (*See* Am. Ntc. Removal ¶¶ 9–10.) Although Destination Pet removed that language from the Second Amended Notice of Removal, it cannot un-ring the bell. That language evokes a partnership, not a corporation. But moving beyond linguistics, as *Jet Midwest* exhorts, Destination Pet has not shown that L1 Pet Intermediate Holdings SCSp has "elements of personhood" such as a perpetual existence, the right to enter into contracts and transact business in its own name, and the right to sue and be sued; the ability to issue shares to investors who have limited liability; or the ability to issue shares that can be bought and sold. Therefore, Destination Pet has not shown that L1 Pet Intermediate Holdings SCSp should be treated as a corporation for purposes of § 1332.

Treating L1 Pet Intermediate Holdings SCSp as an entity other than a corporation does not solve Destination Pet's jurisdictional problems because L1 Pet Intermediate Holdings SCSp's citizenship depends on the citizenship of all its members, and the identities of all members and their citizenship is unknown.

Proceeding to L1 Health Portfolio GP Sarl, Destination Pet previously described it as a "private limited company." (Am. Ntc. Removal ¶ 10.) An entity that is "private" and "limited" would not seem to be materially equivalent to a corporation, at face value, but more importantly, Destination Pet not shown any "elements of personhood" such as a perpetual existence, the right to enter into contracts and transact business in L1 Health Portfolio GP Sarl's own name, and the right for L1 Health Portfolio GP Sarl to sue and be sued; the ability to issue shares to investors who have limited liability; or the ability to issue shares that can be bought and sold. Therefore, Destination Pet has not shown that L1 Health Portfolio GP Sarl should be treated as a corporation. If the Court regards L1 Health Portfolio GP Sarl as any other, unincorporated entity, the identity and citizenship of its members is unknown, and thus, its citizenship is unknown.

A decision from the United States District Court for the Western District of North Carolina, *Industrial Fuel Co., Inc. v. Invista S.A.R.L., LLC*, is of no aid to Destination Pet. In that case, the court confirmed the existence of diversity jurisdiction after the defendant established it was a citizen of Luxembourg under both the corporation test and the LLC test. *Industrial Fuel*, No. 5:06-CV-40-V, 2008 WL 619189, at *2 (W.D.N.C. Feb. 5, 2008), *R. & R. adopted sub nom. Ward v. Invista S.A.R.L., LLC*, 2008 WL 585037 (W.D.N.C. Mar. 3, 2008). Destination Pet has not met either test here, much less both.

Destination Pet's reliance on *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354 (6th Cir. 2010), is also unavailing. In that case, the Sixth Circuit remarked that S.a.r.l.s may be similar to LLCs and admonished the lower court for not "insist[ing] that V & M establish

8

the citizenship of its partner LLCs." *Id.* at 357. Thus, *V & M* actually weighs against Destination Pet.

Destination Pet next argues that diversity jurisdiction should be deemed to exist where the party invoking jurisdiction has made a reasonable investigation into an LLC's members and has a good faith belief that complete diversity exists. (Second Am. Ntc. Removal ¶ 19 (citing *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 107 (3d Cir. 2015).) This Third Circuit opinion is neither binding nor instructive. The issue in *Lincoln Benefit* was whether a <u>*plaintiff*</u> must plead the citizenship of each member of a defendant LLC to establish diversity jurisdiction. 800 F.3d at 107. The court acknowledged that members of a defendant LLC may remain "unknown to the plaintiff even after a diligent pre-filing investigation." *Id.* at 102. Thus, "if the plaintiff is able to allege in good faith, after a reasonable attempt to determine the identities of the members of the association, that it is diverse from all of those members, its complaint will survive a facial challenge to subject-matter jurisdiction." *Id.* Here, however, Destination Pet is not the plaintiff; it is the defendant. Consequently, the Third Circuit's concern about overburdening the plaintiff at the initial pleading stage by requiring the plaintiff to track down all members of a defendant LLC is simply not present here. To the contrary, Destination Pet has chosen to remove the case to federal court based on diversity of citizenship, and it not unduly burdensome for Destination Pet to either (1) identify its own sub-members and their citizenship or (2) establish why L1 Pet Intermediate Holdings SCSp and L1 Health Portfolio GP Sarl should be treated as corporations.

## IV.     Conclusion

"All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). Destination Pet has not resolved the Court's doubts about the existence of federal subject-matter jurisdiction, despite being explicitly instructed and permitted to do so, twice. The Court notes that responding to the Court's concerns required Destination Pet to describe its own corporate structure, not the corporate structure of the opposing party. Yet destination Pet has not done so. The Court therefore recommends that this case be remanded to state court.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that this case be remanded to state court.

Dated: April 29, 2025               *s/ John F. Docherty*
                                    JOHN F. DOCHERTY
                                    United States Magistrate Judge

### NOTICE

**Filing Objections**: This Report and Recommendation is not an order or judgment of the District Court and therefore is not appealable directly to the Eighth Circuit Court of Appeals. Pursuant to D. Minn. LR 72.2(b)(1), a party may file and serve specific written objections to this Report and Recommendation within fourteen days. A party may respond to objections within fourteen days of being served a copy. All objections and responses must comply with the word or line limits set forth in LR 72.2(c).